UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MACKENZIE S. LINEBACK,

    Plaintiff,

v.                                   Case No: 2:20-cv-947-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

The Magistrate Judge has entered a Report and Recommendation, recommending that the Commissioner of Social Security's decision denying Plaintiff's application for supplemental security income be affirmed. (Doc. 31.) Plaintiff objects on three grounds. (Doc. 32.) Specifically, Plaintiff argues the Administrative Law Judge ("ALJ") erred in: (a) finding that Plaintiff could perform jobs with a special vocational preparation ("SVP") 2 level; (b) limiting Plaintiff to only occasional contact with supervisors; and (c) substituting the ALJ's own judgment for that of Plaintiff's medical providers when evaluating their opinions. (Id. at 1, 4, 7.) As the Court will explain, the Magistrate Judge correctly rejected these arguments.[1] Each of the ALJ's findings, and his decision as a whole, was supported by substantial evidence. Accordingly, the Report and Recommendation (Doc. 31) is **ADOPTED**.

---

[1] The Commissioner's response largely relies on the Report and Recommendation. (Doc. 33.)

**LEGAL STANDARD**

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Legal conclusions are reviewed de novo even without an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

**I.   The ALJ was not required to limit Plaintiff to SVP 1 work.**

Plaintiff's first objection asserts that the ALJ erred in finding that Plaintiff could perform SVP 2 level work because Plaintiff should have been limited to SVP 1 level work. (Doc. 32 at 1–4.) Plaintiff notes that the Social Security Administration ("SSA") concluded that "Plaintiff could perform work that requires only a short, on-the-job training period equating to SVP 1, leading to a decision unsupported by substantial evidence." (Id. at 4.) Indeed, all three jobs that the ALJ concluded Plaintiff could perform notwithstanding Plaintiff's exertional limitations are at an SVP 2 level. (Tr. at 31.)[2]

This objection fails for at least one major reason—the SSA's determination predated Plaintiff's request for an administrative hearing before an ALJ and

---

[2] The Court cites the transcript of the administrative proceedings as "Tr." followed by the page number indicated in the lower, right-hand corner.

therefore was not binding on the ALJ. The SSA's regulations make clear that "[a]n initial determination is binding <u>unless</u> [a claimant] request[s] a reconsideration." 20 C.F.R. § 404.905 (emphasis added). And a reconsideration is also binding <u>unless</u> a claimant "requests a hearing before an [ALJ]." 20 C.F.R. § 404.921(a). Here, the SSA sent Plaintiff two letters—one as an initial determination and another upon reconsideration—stating that "disability cannot be established because [Plaintiff is] still capable of performing work that requires . . . only a very short, on-the-job training period." (Tr. at 105, 112.) These letters were sent around January and March 2019. (<u>See</u> <u>id.</u> at 106, 109.) Thereafter, Plaintiff requested an administrative hearing before an ALJ which was held in April 2020. (<u>See</u> <u>id.</u> at 38.)

Simply put, "[o]nce Plaintiff appealed the agency's initial and reconsideration decisions, these statements were no longer binding on the agency; the ALJ is tasked with reviewing the entire record to determine if Plaintiff is disabled by a preponderance of the evidence." <u>Hedges v. Comm'r of Soc. Sec.</u>, 530 F. Supp. 3d 1083, 1097 (M.D. Fla. 2021). Plaintiff cites no legal authority for the proposition that the ALJ was bound by the SSA's earlier determinations. Likewise, Plaintiff fails to cite any medical evidence of record supporting a limitation to strictly SVP 1 work. Plaintiff instead relies upon only the SSA's determinations that predated the administrative hearing before the ALJ. (<u>See</u> Doc. 28 at 45 (citing Tr. at 105, 112).) Given that these earlier determinations were not binding on the ALJ, Plaintiff's first objection is overruled.

**II.     Substantial evidence supports the ALJ limiting Plaintiff only to occasional contact with supervisors**.

Next, Plaintiff argues that "[i]n finding that Plaintiff could perform work with only occasional supervision, the ALJ issued a decision unsupported by substantial evidence." (Doc. 32 at 7.)  Pointing to various portions of the Transcript, Plaintiff maintains that the "record is replete with evidence regarding Plaintiff's need for especially close supervision."  (Id. at 4.)  Yet as the Magistrate Judge correctly stated, "under a substantial evidence standard of review, [Plaintiff] 'must do more than point to evidence in the record that supports [his] position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion.'" (Doc. 31 at 12–13 (quoting Sims v. Comm'r of Soc. Sec., 706 F. App'x 595, 604 (11th Cir. 2017)).)

Plaintiff's second objection does not justify reversal because the dispositive issue is not whether record evidence supports a more restrictive limitation—the issue is whether substantial evidence supports the ALJ's determination. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Goode v. Comm'r of Soc. Sec., 966 F.3d 1277, 1280 (11th Cir. 2020) (quotation omitted). "[T]he threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).  The Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]."  Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quotation omitted).  "If the

[ALJ's] decision is supported by substantial evidence," the Court "must affirm, <u>even if the proof preponderates against it</u>." <u>Id.</u> (quotation omitted) (emphasis added).

Here, the Magistrate Judge summarized multiple portions of the record upon which the ALJ relied in finding that Plaintiff can perform work with only occasional supervision. (<u>See</u> Doc. 31 at 13.) For example, the ALJ found persuasive the opinions of state agency reviewing psychologists who opined that, although Plaintiff's "social interaction skills may be somewhat limited at times," Plaintiff nevertheless "appears capable of performing simple tasks in an environment with limited interpersonal contact." (Tr. at 27 (citing Tr. at 86, 100–101).) The ALJ also highlighted Plaintiff's testimony from the administrative hearing. (<u>Id.</u> at 26.) Plaintiff explained that he lives alone and, while his mother would visit him every day, those visits were for "an hour or two, tops." (<u>Id.</u> at 50, 56.) Similarly, the ALJ noted that Plaintiff "was taking classes online to get his GED." (<u>Id.</u> at 26.) A teacher would visit Plaintiff in person, "[u]sually three time[s] a week at most but depending on [Plaintiff's anxiety], usually at least one time a week." (<u>Id.</u> at 56.)

Notably, Plaintiff does not argue that these findings fail to constitute substantial evidence. Plaintiff instead cites cases in which an ALJ's decision was reversed because the ALJ <u>failed</u> to address evidence that a claimant was limited in interacting with supervisors and others in the workplace. (<u>See</u> Doc. 32 at 6–7.) Those cases are easily distinguished from the ALJ's decision here because the ALJ explained both why he was limiting Plaintiff to occasional interaction and identified record evidence supporting that conclusion. In sum, that Plaintiff identifies other

evidence in the record which may support a different finding does not equate to a conclusion that the ALJ's decision is unsupported by substantial evidence. Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991) ("The court need not determine whether it would have reached a different result based upon the record. Even if [the court] find[s] that the evidence preponderates against [the ALJ's] decision, [the court] must affirm if the decision is supported by substantial evidence" (citation omitted)); Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) ("[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings.").

Plaintiff's second objection therefore also fails.

### III.   The ALJ did not substitute his medical judgment for that of Plaintiff's medical providers.

Last, Plaintiff argues that "the ALJ substituted his own judgment for that of" Plaintiff's medical providers when evaluating their opinions. (Doc. 32 at 7.)[3] "Regarding Dr. Friesen's opinions," Plaintiff posits, "the ALJ finds them generally too remote to be persuasive . . . . [b]ut [t]hese objections would be irrelevant if the ALJ had evaluated disability from the initially alleged onset date." (Id. at 8.) And

---

[3] Plaintiff also mentions in passing that the ALJ erred in rejecting the opinions of several other individuals. (See Doc. 32 at 7.) Yet Plaintiff only expressly discusses the opinions of Drs. Friesen and Robles. (See id. at 8–9.) As the Magistrate Judge correctly noted when addressing the same issue, a claimant abandons issues raised in a perfunctory manner without supporting arguments and authority (Doc. 31 at 14 n.8). Sapuppo v. Allstate Fla. Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014); see also Adderly v. Comm'r of Soc. Sec., 736 F. App'x 838, 840 n.1 (11th Cir. 2018). Plaintiff does not challenge the Magistrate Judge's finding on this point.

as to Dr. Robles's opinions, Plaintiff notes that "the ALJ stated they were generally unsupported by her own objective findings." (Id.) Plaintiff then cites various treatment notes from Dr. Robles purportedly supporting the doctor's conclusion that Plaintiff is markedly limited in certain functional areas. (See id. at 8–9.)

A review of the ALJ's decision under the relevant regulations makes clear that the ALJ did not substitute his own judgment for that of Plaintiff's medical providers. When considering the persuasiveness of a medical opinion, an ALJ relies on the following five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 416.920c(c)(1)–(5). Supportability and consistency are the most important of these factors. Id. § 416.920c(b)(2) ("The factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be.").

Plaintiff is correct in that an ALJ may not substitute his opinion for that of a claimant's medical providers. "But ALJs are permitted, and in fact required, to use judgment in weighing competing evidence and reaching a final determination as to whether an applicant is disabled." McCullars v. Comm'r of Soc. Sec., 825 F. App'x 685, 691 n.1 (11th Cir. 2020) (citing 20 C.F.R. § 416.927(c) which lists factors an ALJ must consider in evaluating medical opinions for claims filed before March 27, 2017).[4]

---

[4] Though section 416.927(c) is inapplicable to Plaintiff, who filed his

Here, far from substituting his own judgment, the ALJ appropriately applied the above factors in finding Drs. Friesen and Robles's opinions unpersuasive. The ALJ, besides finding Dr. Friesen's opinions too dated to be relevant, explained that those opinions "are generally inconsistent with the objective evidence of record." (Tr. at 27.) The ALJ then identified the specific, contradicting opinions of other physicians (including Dr. Robles's opinion), as well as Plaintiff's "high functioning activities of daily living," to explain why Dr. Friesen's opinions of marked limitations were inconsistent with other record evidence. (Id. at 27–28.) And in addition to finding Dr. Robles's opinions inconsistent with her own treatment notes, the ALJ also identified other medical evidence of record including the opinions of several other physicians plus Plaintiff's activities of daily living in finding Dr. Robles's opinions unpersuasive. (See id. at 29–30.) As such, the Magistrate Judge correctly noted that "the record contains—as was thoroughly discussed by the ALJ in his decision—substantial evidence supporting an assessment of Drs. Friesen and Robles's opinions as unpersuasive." (Doc. 31 at 15.)

At bottom, section 416.920c(c)(2) requires that the ALJ evaluate the consistency of a medical opinion "with the evidence from other medical sources and nonmedical sources in the claim." And that is what the ALJ did here; he did not substitute his own medical judgment for that of Plaintiff's medical providers by

---

application after March 27, 2017, the revised regulations nevertheless require an ALJ to evaluate the consistency of medical opinions "with the evidence from other medical sources and nonmedical sources in the claim." See 20 C.F.R. § 416.920c(c)(2). Thus, an ALJ must still use his or her judgment in weighing competing evidence, as the ALJ did here.

comparing those opinions to other record evidence. Further, while Plaintiff may disagree over the reasons why the ALJ found those opinions unpersuasive, Plaintiff has once again only pointed to evidence that may support a different conclusion. As outlined above, however, this does not mean that the ALJ's decision is unsupported by substantial evidence. Thus, Plaintiff has not shown reversible error and none of his objections warrant remand. See Sims, 706 F. App'x at 604; Barnes, 932 F.2d at 1358.

Accordingly, it is **ORDERED**:

1. Plaintiff's objections (Doc. 32) are **OVERRULED**, and the Report and Recommendation (Doc. 31) is **ADOPTED**.

2. The Commissioner's decision is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

3. The Clerk is **DIRECTED** to enter judgment in favor of the Commissioner of Social Security and against Plaintiff Mackenzie Lineback accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** at Fort Myers, Florida, on March 11, 2022.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE